IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| R. KIMBALL MOSIER, <br><br> Plaintiff, <br><br><br> vs. <br><br><br> CALLISTER, NEBEKER & MUCCULLOUGH, ET AL., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO AMEND COMPLAINT <br><br><br><br><br> Case No. 2:06-CV-677 TS |

I.  INTRODUCTION

This matter comes before the Court on Plaintiff's Motion to Amend.[1]  Plaintiff seeks leave to add two causes of action to his Complaint—fraud and civil conspiracy.  Defendants oppose Plaintiff's Motion, and contend that amendment would be futile.

---

[1]Docket No. 109.

1

## II.  DISCUSSION

Fed. R. Civ. P. 15 states that leave to amend pleadings "shall be freely given when justice so requires."  However, a court is "justified in denying a motion to amend if the proposed amendment could not have withstood a motion to dismiss or otherwise failed to state a claim."[2]

*A.  The Fraud Claim*

With respect to Plaintiff's proposed fraud claim, Defendants argue that Plaintiff fails to adequately set forth the "time, place and contents of [any] false representation[s], the identity of the party making the false statements and the consequences thereof[,]"[3] mandated by the particularized pleading requirements of Fed. R. Civ. P. 9(b).

Under Utah case law, the elements of fraud are:

> (1) a representation; (2) concerning a presently existing material fact; (3) which was false; (4) which the representor either (a) knew to be false, or (b) made recklessly, knowing that he [or she] had insufficient knowledge on which to base such representation; (5) for the purpose of inducing the other party to act upon it; (6) that the other party, acting reasonably and in ignorance of its falsity; (7) did in fact rely upon it; (8) and was thereby induced to act; (9) to his [or her] injury and damage.[4]

The Court notes that Plaintiff's proposed Amended Complaint alleges, among other things, that:

- Defendant Morris ("Morris") rendered advice to National School Fitness Foundation ("NSFF") that was "based upon corrupted and distorted information" that Morris received from Cameron Lewis ("Lewis");

---

[2]*Schepp v. Fremont County Wyoming*, 900 F.2d 1448, 1451 (10th Cir. 1990).

[3]*Koch v. Koch Indust., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000).

[4]*See, e.g.*, *Robinson v. Tripco Inv., Inc.*, 21 P.3d 219, 223 (Utah App. 2000).

- During February and March of 2004, Morris assisted Lewis in recovering funds from an undocumented loan by preparing backdated documents to demonstrate the existence of the loan, falsely recording that the NSFF board approved of the loan's repayment, and otherwise facilitating repayment; and

- Morris created loan documentation requiring NSFF to overpay Green's loan payments.

Based upon these and other allegations, Plaintiff asserts that representations and omissions of Defendants Callister, Nebeker, and McCullough ("CNM") and Morris were false and misleading, intentional, and made with reckless indifference to the rights of NSFF; that NSFF reasonably relied on the representations of Morris, or reasonably expected him to volunteer information material to NSFF; that the representations and omission of Morris and CNM were material because the diverted funds from NSFF which would otherwise have been utilized to pay outstanding obligations; that NSFF was damaged; and that CNM's and Morris' conduct was intentional and reckless.

Defendants contend that Plaintiff has not alleged what false information Lewis gave to Morris, or that Morris acted with intent to deceive NSFF's directors.  Defendants argue that there are no allegations concerning specific backdated documents, that any backdating was wrongful, or that Morris ever made any false representation to the NSFF board.  Defendants also argue that Plaintiff sets forth no allegations that Morris knew of the impropriety of the Kim Green loan or made any misrepresentations to NSFF regarding the loan.  Finally, Defendants contend that Plaintiff has made no allegations that Morris misrepresented any facts to NSFF, that he intended to deceive NSFF, that NSFF relied on any false misrepresentations, or that NSFF was damaged by any false representations, with respect to the consulting fee reduction.

3

The Court disagrees with Defendants. The Court finds that Plaintiff's allegations, as set forth in the Proposed Amended Complaint sufficiently set forth facts relating to the elements of a fraud cause of action, and that they meet the particularized pleading requirements of Fed. R. Civ. P. 9(b). More specifically, Plaintiff alleges several representations, including fabrication or reckless drafting of loan documentation, for the use of NSFF, and upon which NSFF relied to its financial detriment. The Court is unconvinced that Plaintiff's allegations could not withstand a motion to dismiss. Accordingly, the Court will allow amendment of the Complaint to include Plaintiff's proposed fraud cause of action.

### B. The Civil Conspiracy Claim

As to the proposed civil conspiracy claim, Plaintiff contends that Morris and Lewis combined to facilitate the means to enable Lewis to control the affairs of NSFF, contrary to the will of the NSFF board, and to access funds for the benefit of Lewis. Plaintiff further argues that the overt act demonstrating the conspiracy was Morris's assistance to Lewis as to improper loan repayments and consulting fees, mentioned above. Plaintiff then concludes that "[f]oundation funds were wrongly diverted to Lewis and NSFF continued to sell its program to schools under the pretense that it qualified as a charitable organization, all of which led to criminal charges against NSFF."

Defendants oppose Plaintiff's Motion to amend the Complaint to include a claim for civil conspiracy upon the basis that Plaintiff's allegations are too conclusory and lack any specific factual basis which would support that Morris conspired with Lewis to commit an unlawful act. More specifically, Defendants point out that Plaintiff does not allege that Morris gave any advice

to the NSFF board on the subjects in question. Moreover, Defendants emphasize that a claim for civil conspiracy must be based upon an unlawful act, and to the extent that Plaintiff's conspiracy claim is based on fraud, it must be subject to the particularized pleading requirements of Fed. R. Civ. P. 9(b).[5] Defendants argue that, under this standard, Plaintiff has not sufficiently pleaded particularized facts.

> To prove civil conspiracy, five elements must be shown: '(1) a combination of two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful, overt acts, and (5) damages as a proximate result thereof.'[6]

Again, the Court disagrees with Defendants. The Court notes that Plaintiff has apparently hinged its accusation of unlawful acts upon the commission of a fraud, which, as the Court finds above, Plaintiff has plead with sufficient particularity. Plaintiff is also required to plead particularized facts demonstrating, among other elements, a combination between Morris and Lewis, an unlawful object to be accomplished, and a meeting of the minds on that unlawful object or course of action. The Court finds that, while Plaintiff's allegations could be set forth with more clarity, they are sufficient to allow amendment. Specifically, the Court notes that Plaintiff has alleged that:

- Morris provided individual legal representation for Lewis which conflicted with Morris's legal representation of NSFF;

- Morris and Lewis endeavored to fraudulently withdraw money from NSFF by falsifying, or recklessly fabricating, loan obligations;

---

[5] *See, e.g., United States ex rel. Erickson v. Uintah Special Servs. Dist.*, 395 F.Supp.2d 1088, 1100 (D. Utah 2005).

[6] *Peterson v. Delta Air Lines, Inc.*, 2002 UT App 56, ¶ 12, 42 P.3d 1253.

---

- Morris's and Lewis's specific actions relating to the loans were overt acts; and
- NSFF suffered economic damages therefrom.

Accordingly, the Court will allow Plaintiff's claim for civil conspiracy.

As a final matter, the Court notes Defendants' argument that "[w]here the motion to amend is filed after the opposing party has timely moved from summary judgment, the plaintiff is require to show 'substantial and convincing evidence' to justify a belated attempt to amend a complaint."[7]  The Court declines to hold Plaintiff to this higher standard here as Plaintiff timely moved for amendment, as per the Court's scheduling order, and because Defendant's Motions for Summary Judgment were filed very early in this action.

### III.  CONCLUSION

For the foregoing reasons, it is therefore

ORDERED that Plaintiff's Motion to Amend (Docket No. 109) is GRANTED.

DATED   April 10, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[7] *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004).